You may proceed. May it please the court, my name is Ivana Chingel from the Melvin A. Myers Council for Appellants. This case is not about the copyrightability of yoga. Bikram does not claim a copyright in the idea of yoga, in the idea of arranging yoga asanas, or the idea of using yoga or any other type of physical movement to improve one's health. Nor does he claim a copyright in visual yoga asanas. Instead, Bikram is seeking copyright protection for his creative vision, which here is expressed in a carefully selected and arranged 90-minute composition of two breathing exercises and 26 different yoga asanas. In this composition, known as the sequence, the 26 different yoga asanas are always performed in the same order, using the same constituent movements, at the same pace and rhythm, and with the same verbal guidance. Therefore, the question before this court is whether this 90-minute composition qualifies as choreography, or as a compilation, and satisfies the two touchstones of copyright, fixation and originality. It does, and the fact that the building blocks of Bikram's vision and composition happen to be yoga asanas, as opposed to more traditional and more Western forms of physical movement, such as ballet poses, is of no relevance to the question of the sequence's copyrightability. Does it provide health benefits? Does yoga provide health benefits? Yes, Mr. Bikram has stated that yoga provides health benefits, but however, any type of physical movement can be said to provide physical benefits. But was the poses arranged with health benefits in mind? Yes, it was arranged in part with health benefits in mind. However, any type of physical movement can really be said to have health benefits. For example, if we think about any type of choreography, the baseline of any choreography is movement, and that movement can always be said to have some physical benefit. Why isn't the 2012 policy statement then persuasive, because Dill specifically with yoga poses or references it and talks about health benefits, or exercises or relate to health benefits? Your Honor, the Copyright Office's policy statement says that the sequence is not copyrightable because it is a functional system or a process. There are two different issues with that finding. First, the sequence is not a system or a process. It does not qualify as such, and the fact that it can be described as functional is utterly irrelevant to the question of copyrightability. First, the sequence does not fall within the categories of works for which issues of functionality and utility are relevant in determining the extent of the work's copyrightability. So here the fact that the sequence... If it's a sequence or process of exercise movements, doesn't the statement speak to that? Your Honor, the Copyright Office's statement focused on the fact that this is exercise. However, exercise is nothing other than physical movement. Here we have physical movement that is timed, that is paced, and that is composed into a coherent, integrated, and expressive whole. The fact that the building block may have been a yoga asana as opposed to some other type of movement, that the Copyright Office nominally terms exercise, should not preclude its copyrightability. Indeed, there is absolutely no exclusion in a copyright act for yoga or exercise. You mentioned that this was a copyright for creative vision of your client. That's correct. So I guess I wanted to just ask you, how is this sequence, this Bikram sequence, more creative than the jellyfish sculptures at issue in the Satava case? Sure, the Satava case deals with a jellyfish sculpture that was essentially copied, exactly. So your question is, how is it different? Well, how is it more creative than that, because that was not afforded the protection it sought in that case? Your Honor, in that case, the court finds that the functional elements of that sculpture cannot be copyrighted, but that the creative elements could be, and that this sculpture was protected against exact duplication. We have exact duplication here, and the court never actually undertook the analysis to determine which portions of the sequence might be functional, or which might be creative, as it was required to do under Satava in the line of cases there. But from our perspective, the Satava line and the issue of whether the sequence is functional or not is simply not applicable here, and that is because issues of functionality and utility under the Copyright Act are defined to something called the Useful Articles Exception, and that exception is limited to sculptural, pictorial, and graphic works, of which sequence is not one of. Was the sequence registered with the Copyright Office? Yes, it was, Your Honor. Can you show me the registration form for the sequence? It is registered first in the, I believe it's 1979, copyright for the book I'm sorry. And that was for the book, that's what you're talking about. That is correct, and then the Copyright Office, Bikram subsequently attempted to register the sequence on its own in 2002. And the Copyright Office rejected that. That's right, they rejected it, but what they said was that there's a number of statements. I think you're referring to the supplemental filing that described the author as the author of the sequence, but it did not, that did not serve as registration of the book, I mean of the sequence, it related back to the book. That is correct, but as the Copyright Office explained, the sequence is fixed, is first fixed in the book, and it's inseparable from that. Right, so you can't separate, you can't, you can't copy the expression of the sequence that's in the book. That doesn't mean that the sequence has a separate and independent registration, or a separate and independent copyright. It does not have necessarily a separate and independent copyright, but that is in fact not the relevant question. The question is whether the sequence is, or has a recognized copyright, and it does. It has a recognized copyright in the 1970s. I think that argument really stretches what a registration is. It's not registered separately as a work of art fixed in a tangible means of expression. The only place in which it's fixed in a tangible means of expression is the book, or maybe some video or something that is also copyrighted, but it, just because you can copyright a book that has contained some uncopyrightable elements doesn't mean that the uncopyrightable elements become the subject of copyright by that the sequence is an uncopyrightable element of here, is what we're here to discuss. The sequence is copyrightable, and in fact the Copyright Office itself sort of, so recognized in directing Bikram to submit, instead of submitting a separate registration for the sequence, to simply supplement his existing registration for the 1979 copyright of his book, Bikram Beginning, Bikram's followed the Copyright Office's instructions in describing his sequence in that book as a compilation of exercises. Is the sequence fixed in any tangible medium of expression other than the book or in the training materials? It is fixed in a book, and Bikram attempted to also submit videotapes of his book along with his 2002 supplemental registration. The Copyright Office said that that was not necessary, because the sequence was already fixed in a book and it was inseparable from that book. Why doesn't contract law or trademark law afford adequate protection to Bikram? It certainly provides some certain protection, but trademark law would not here protect a sequence, and the question here is really whether the sequence itself can be copyrighted, and rights that stem from copyright law are quite different from rights that stem, of course, from contract law or from trademark law. What about patent law? Has he ever tried to register it with the Patent Office? No, he has not, Your Honor, and that is because the sequence qualifies as choreography in a compilation and would not qualify for patent protection. So you're saying it's not exercise? These are not exercise movements? It certainly could be characterized as exercise, so it's also characterized, it's better characterized as choreography, because it is physical movement that is timed and paced and arranged into a composition. You cite authority, I think you cite the statute in the case showing that the way the registrant describes it isn't necessarily determinative, and so in this case it may have been described one way, but I think perhaps you're stronger argument is that it is choreography, is that correct? Yes, that's correct, Your Honor, it is both choreography and a compilation. And you're not bound by how it was described? That's right. But didn't you, I mean, you sought to register Bikram's Asana sequence as a work of performing arts. That's correct. But the Copyright Office denied that registration, is that correct? They did not deny that registration, they instead directed Bikram that what he should do instead is have a supplemental registration, because the sequence was already fixed in his 1979 book. So in fact, it did not sort of deny the registration, it just said that a separate registration was unnecessary. Well, but hold on a second, I mean, well, before I ask you that, but do you describe anywhere, and is it described any way as related to dance? What Bikram attempted to do in 2002, when he sought to register the sequence as a standard, when he tried to obtain a standalone registration for the sequences, he used a form PA, and then he described it as a selection, arrangement, and ordering of physical movements. After that was submitted, there was a series of conversations with the Copyright Office, in which the Copyright Office informed Bikram, or Bikram's counsel rather, that this type of compilation, or this type of composition, would not be, should not be registered as a performing art, and should not be registered as choreography. There are handwritten notes on one of the letters from the Copyright Office that demonstrate this. Right, well, because the Copyright Office denied the application, I guess when you attempted to register a different sequence of poses as a work of choreography, it looks like in the record the Copyright Office denied the choreography, but it stated the work that Bikram deposited is a video of an exercise program. And then it went on to say that choreographorship is the composition arrangement of a related series of dance movements and patterns organized into an integrated and coherent whole. Simple dance routines do not represent each original choreographic authorship to be copyrightable. Also, the Copyright Office takes the position that functional physical movements, such as exercises and other ordinary motor activities, do not represent the type of authorship intended to be protected under the copyright law. I guess, what's your response to that? Your Honor, there's simply no exercise exception to the Copyright Act, and there's certainly no yoga exception to the Copyright Act. The issue before the court is whether this carefully arranged and selected sequence of physical movements that are timed and integrated into a coherent and expressive whole qualifies as choreography. There's simply no basis for separating yoga asanas into a different category. But the Copyright Office just disagrees with you. That is correct. They have built an exception to the Copyright Act, but they don't necessarily have advanced a policy. I think what they're doing is adhering to the very original tenets of copyright laws in the Constitution, which is making a distinction between the idea or the concept of something and the expression of it. And really, all these asanas, the system, the sequence is, is a system of yoga steps. And if we were to say that that was copyrightable, we could end up by having all of yoga, which is an ancient set of exercise movements that is practiced by various people in various ways, subject to a copyright owner's monopoly. You could take it all away from the public domain in which it exists. Your Honor, the sequence is definitely on the expression side of the idea-expression dichotomy. Bikram is not trying to copyright the idea of yoga. Each exercise in this sequence was in the public domain for centuries. That's correct. So he's just, he's trying to copyright his idea of how it should be done in order to have help. He's trying to copyright his composition of these 26 yoga asanas and two breathing exercises, which again are only... 6 or 5 or 6 or 10 or 300. And what would happen to the practice of yoga? Your Honor, that type of creation is really what's actually encouraged by the Copyright Act. The fact that he has selected and arranged 26 yoga asanas. Even if it were a compilation, we give very thin protection to compilations of things that are already in the public domain. That is, that is correct, Your Honor. But here there's no reason why the sequence would not qualify as a compilation. I don't know. I think the Feist case and the Baker case are pretty strong against you on that. Your Honor, Feist makes clear that a compilation of facts, which here could be the yoga asanas, can be protectable if it's arranged in a sufficiently creative manner. The sequence... But anyone can copy the facts. Anyone can take those exercises and, because they're in the public domain, anyone can copy it. So what's the protection that you get for it? We seek protection for the creative and expressive elements of the sequence, not the underlying facts. What about Palmer? What about the 11th Circuit case in Palmer? Palmer was a case decided, I believe, following a preliminary injunction. And when the standard was... the question was, you know, the level of seems that the court there determined that the exercises there, which seem very, very similar to what is being requested here, are not copyrightable. And I'm just trying to figure out why wouldn't that be persuasive? What the court held in Palmer is that the general process of achieving consciousness through a series of exercises was not copyrightable. But it found the particular exercises in question copyrightable. So that creative expression of this concept or system was found copyrightable in Palmer. And there are many other cases, including cases in the 9th Circuit, Your Honor, where something is termed a system. For example, the practice management case, where the court nevertheless held that the work at issue was copyrightable. All right. Thank you, Your Honor. Can I ask you? Yes. Go ahead. I noticed that page 52 of the opening brief, you state that the defendant has admitted to copying the exact order of victims and routine. And you've given them repaid. Now, I haven't checked it out, but I take it you would stand by that. You say that admitted duplication of a sequence alone would be preclusive of partial summary judgment. That is correct, Your Honor. That seems to be a very strong point. The allegation here was one of exact copying. And there are declarations in which defendants, although not using those exact terms, essentially concede that they're using the sequence, including its 26 asanas and the two breathing exercises. Those are referenced in your citation of EOR 103 so forth. That's correct, Your Honor. Thank you. All right. Thank you, counsel. Before you get into it, tell me what evaluation means. Is this a made-up word or what? Yes, Your Honor. Evaluation seems to be a combination of evolution and elation. So it's a made-up word. That's my assumption. I've actually never really verified that. May it please the Court, my name is Eric Mayer. I represent the respondents. The yoga routine that's described in appellant's copyrighted work, copyrighted book, was developed with the use of medical measurement techniques. And the routine is said to be capable of improving one's physical and mental health, but only if performed precisely as described in the book. The question before the Court today is whether copyrighted protection extends to the routine itself. Section 102 of the Copyright Act provides a clear answer to that question. Specifically, Section 102B, which says, In no case does copyright protection for an original work of authorship extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described explained, illustrated, or embodied in the work. Therefore, regardless of whether a work can be characterized in some way that would fit into a category set forth in Section 102A, and even if the categories were completely disregarded, an idea, process, system, procedure, method, or discovery is not protected by copyright. So, for example, the author of a cookbook has copyright protection in the manner in which he or she describes how to make a particular dish, but not in the process or the recipes themselves. Similarly, the author of a book on the technique of how to perform CPR has protection in the words and pictures and diagrams used to describe how to perform CPR. But that author does not have a copyright in CPR itself. But Ms. Singal argues that there's more creativity here than perhaps what you're describing involved with these asanas and movements. And so I guess that's my question for you. Hasn't the Bikram sequence been arranged with more creativity or originality than, for example, the coin prices at issue in the CDN case or the telephone listings in Feist? Well, two points to that question, Your Honor. One is that creativity is protected by both copyright law and patent law. So creativity is not the only element of copyrightability. Now in the Feist case and in the coin case, what they ended up with, putting aside the originality and creativity, they ended up with a recognized work of authorship being a literary work, a book. And that element not being a factor in those cases, they had to decide on the issue of originality. Here, you don't have a work of authorship. Whether it's creative or not is a question for the patent office if they're seeking protection, and that's what they need. But the Supreme Court in Feist really spoke to the fact that in Feist it was the alphabet order that they listed as the yellow pages or telephone pages book that they put in alphabetical order and said that couldn't possibly meet the minimum level of creativity. But it did talk about that there is a minimum level of creativity, and I'm just trying to figure out, you know, it seems to be a very low bar set by the Supreme Court. Why doesn't this meet it? Because this is more than just putting something in alphabetical order. Your Honor, creativity is really not the main obstacle that Bikram has. The obstacle is that this is, the thing they're trying to protect is a system, a yoga system that the undisputed facts in this case show purports to, if you do it, only is precisely described in the book to improve one's health, to heal, to alleviate, to prevent a variety of diseases. So the creativity is not the issue. That's the main point here, and I think that we're going to have to decide whether it's more just very much a system or functional and relating to process and sequence, or if it's something more. Well, I think the single circuit is more like choreography. There's more to it because you have to figure out which of these poses and how to do it. And so I'm just trying to figure out, based on the law, FEAST, even though it denied relief to the telephone company, it did set a very low bar there. And so will affirming the district court here heighten the level of creativity required to justify copyright protections with respect to compilations? Because I'm not sure that we would want a result where the federal courts are becoming judges of artistic merit. So actually the sine qua non of copyright is originality, and that was at the bottom of what the Feist case was discussing, right? That's correct, Your Honor. And what does originality mean? It means independently created by the author, right? Yes, and originality... It's really more the independent creation of the work itself that is what copyright protects. Yes, Your Honor, and I agree that Feist states that the bar for creativity is quite low, but creativity is not unique to copyrightable things. A person who invents a new surgical procedure may use creativity, but that doesn't mean that the procedure is copyrightable. And Section 102 describes... 102A and 102B together describe what is copyrightable. And choreography clearly is not contemplated by Congress to be something that is a process, system, or method because those things are specifically excluded by 102B. And back to Feist, the reason that originality was the focus of Feist is because there's no question that the end product of this compilation would otherwise meet the requirements of Section 102 because it ends up being a literary work, a work fixed on a tangible means of form of expression. Here, you don't have that, so originality is not the only obstacle. So Feist is not saying that you can make a compilation of anything as long as it's sufficiently original. You still have to end up... Even if you're relying on Section 103, which allows a compilation, you still have to end up with something that's otherwise copyrightable under Section 102, and that's made very clear in Section 103, particularly in the notes to 103, which say... Section 103... This is the legislative notes to this section. Section 103 complements Section 102. A compilation or derivative work is copyrightable if it represents an original work of authorship and falls within one or more of the categories listed in Section 102. Read together, the two sections make plain that the criteria of copyrightable subject matter stated in Section 102 apply with full force to works that are entirely original and to those containing pre-existing material. So to... To say that we have a compilation of yoga postures doesn't speak to the copyright criteria in Section 102 because Section 102 doesn't cover yoga postures or a compilation of yoga postures because those things are functional. Those things are methods, systems, processes. And... Do you agree that your client has copied exactly the Vikram program? Not exactly, but I think, at least for purposes of summary judgment, we acknowledge substantial copying, but the court never got to the issue of copying because the court, the district court, ruled correctly, we think, that this is not copyrightable. So exact copying is really an issue when you're talking about copying, exact copying of the expression that one uses to convey the process. So, for example, in the Palmer case... Well, may I ask you this? Why does your client copy? What is its purpose in copying the same routine? My client was a student of Vikram and took the teacher training course and was trained to teach people in this system. And believes, as Vikram does, that this is beneficial and has health benefits if done in precisely the manner in which it is laid out. So my client believes that this is an effective system to help advance health and alleviate and, in some cases, cure disease, just the way Vikram has stated, and that's undisputed in the summary judgment record. And I think you argue that the court should overlook Vikram's 2002 supplemental registration for a compilation of exercises in light of the Copyright Office's policy statement, but you put a lot of emphasis on the Copyright Office's statements. But I guess I just have a little pause with respect to accepting that completely because what if the Copyright Office produces at a later time conflicting policy statement? It seems like the Office's varying positions over time undermines the persuasiveness of this authority. What's your response to that? My response, Your Honor, is that the 2002 registration, the work, the title of the work being registered, it's a supplemental registration, it's the book, and the only reference to compilation of exercises is the nature of authorship. So if I were to write a book about how to practice law and I registered it and the book also had other parts in it and I identified my contribution in the contribution section where in Vikram's case it says compilation of exercises as practice of law and I registered the book, that wouldn't give me some kind of copyright in the way that I practice law. It would just be... I'm not sure how that answers my question with respect to the varying positions of the Copyright Office. Why should we give it so much authority? Well, the answer to your question, I guess, the short answer is they never did register anything as... they never did copyright a compilation of exercises. They allowed Vikram to submit a supplemental registration for a book that describes exercises and in which supplemental registration, Vikram indicated that he wrote the part of the book or he's the author of the part that relates... No, I know what they did, but they changed their mind from time to time. So why do we rely so much on the Copyright Office? Well, you don't have to, Your Honor, and we really, the Copyright Office, the statement, we're just... the deference that goes to the Copyright Office should be followed if it's reasonable and it follows the law, what they're saying. And in fact, they say that this is a functional system that can't be registered and all you need is the dictionary definition of system or process to understand that that's true and Vikram has never explained why it's not a process. They keep saying, well, we're not trying to of yoga, we're not trying to copyright the idea of exercise, but the point is what they are trying to copyright also is a system, process, or method which is described in Section 102B and is excluded from the nature of copyright. If Vikram wanted protection and this system was meritorious to protection, then it should be submitted to the Patent Office and maybe he would get 17 years of exclusivity. But you can't bypass that procedure by putting your process in a book and now saying, oh, I have a copyright which gives me exclusivity for my lifetime plus an additional 70 years. I mean, that's the exact opposite of what copyright was intended to protect. It was intended to help promote science and the arts not to give people a lifetime monopoly just because they write about it. I want to ask you, to test how far you think your client could go, if your client advertised, come to us, we have the original Vikram method, would there be any objection to that advertising? Yes, Your Honor. In fact, there was a claim, a trademark, that would be a trademark issue and in fact that claim was dismissed. So that would be a trademark issue, not a copyright issue, but it would be a trademark violation to advertise that you're doing Vikram yoga. And it was dismissed because, you say the claim was dismissed? It was dismissed because after the summary judgment, partial summary judgment was granted on the issue that we're discussing today, the appellants agreed to dismiss in order to pursue this appeal. So trademark's not an issue in the case, nor is the dialogue that accompanies the... Has the dialogue been registered for copyright? Yes, dialogue has. Yes, that's what I thought. And that's expression, that's the words that are used during... Correct, that's expression and that is not an issue here today, but yes, that has been. I can't find my copy of the 1979 copyright registration for the book. I'm sorry? The 1979 copyright registration for the book. I think it's at 206 of the excerpts. I understand. Okay, what is line two? What is line two of the 1979 copyright registration? C2. What I'm wondering is what exactly did the supplemental registration modify? It says... Oh, okay. The line number two, line heading or description, author of compilation of exercises. Would that be... I'm sorry, I'm looking at... I was looking at the 79, I'm not... Yeah, I'm talking about the 79 registration. What is at that? Okay, C. C. Line two is in the 1979 registration, which can be found at excerpts, page 206. Line two is the author of. Briefly describe the nature of this author's contribution. That's what it says. But he's modifying, trying to modify. Okay. All right, you're well over your time. Thank you very much, counsel. Thank you, Your Honor. You can have one minute. Counsel for revelations has repeatedly stated this is a system or a process and thus not entitled to copyright protection. This is simply not the case. While courts have not defined what a system or a process is,  of a system or a process is whether the work represents the sole way, the exclusive way to arrive at a particular result, such that it results in the grant of a monopoly over that result. Vikram's yoga sequence is simply not the sole way to achieve any particular result. There are many ways to achieve the benefits that are associated with yoga and benefits that are associated with Vikram's yoga. And on the question of how much deference should be afforded to the Copyright Office's statement, we just want to point out that the methodology that was used here by the Copyright Office's statement is contrary to basic principles of statutory interpretation. Don't we afford it Skidmore deference? Excuse me? Don't we afford it Skidmore deference? The District Court essentially copied large portions of the Copyright Office... I'm saying don't we accord it Skidmore deference? Yes, and under Skidmore deference, it's entitled to deference to the extent that it is persuasive. Here the Copyright Office's statement is simply not persuasive. It ignores plain statutory text. It reads statements out of context and then it resorts to legislative history. This is an affront to basic principles of statutory interpretation and it introduces ambiguity where there really is none. And in the Supreme Court opinion in Smiley, the Court did point out that when we have a situation like this, when an administrative agency completely unprompted entirely reverses course, which here was in place for many years, the level of deference that's afforded takes that into account. All right. Thank you, Counsel. This session of the Court will be adjourned for the day.
judges: Noonan, Wardlaw, Murguia